Ingraham, J.
The plaintiff was the purchaser at a sale for non-payment of taxes of certain property in the city of Hew York, and brings this action to recover the amount that he paid on account of such purchase, on the ground that the sale and lease delivered under it were void.
The sale was made under provisions of section 926 of the consolidation act of 1882. By that section the clerk of arrears is required to cause such lands and tenements to be sold at public auction, for a term of years, for the purpose and in the manner expressed in the advertisement required to be made, viz., for the lowest term of years at which any person or persons shall offer to take the same, in consideration of advancing the taxes, etc., and interest thereon to the time of sale, together with the costs and charges of the advertisement, and the clerk of arrears is required to give to the purchaser a certificate of such sale.
Section 941 provides that the comptroller shall, unless the owners redeem the lots within two years from the date of the certificate, execute to the purchaser a lease of the lands sold.
To entitle the purchaser to recover the amount paid he must show that the sale made was void. It will not do to show that the certificate did not comply with the statute, or that the lease subsequently executed and delivered was void. The purchaser buys the right to a certificate which gives him the right to a lease unless the owners of the property redeem within two years. On making such purchase at-the auction sale, and paying the money, he became *292 en titled to the certificate from the clerk of arrears, and he can enforce that right if it is denied him; but the fact that the certificate given, and which he accepts in satisfaction of that right, does not comply with the statute, does not avoid the saie or entitle the purchaser to the return of the purchase money paid. The remedy of the purchaser in that case is to compel the delivery to him of a proper certificate, not the return of the money which he has paid for the right to have the certificate.
Plaintiff relies upon several grounds to show that the sale was void. First, that the books of assessment of property for taxation were not open during the year this tax was imposed as required by section 8 of chapter 302, Laws of 1859. It is there provided that the tax commissioners “shall keep in their office books * * * to be called the Annual Record of the Assessed Valuation of Real and Personal Estate * * * which said books shall be open for examination and correction from the second Monday o£ January until the first day of May in each and every year, but on said last mentioned day the same shall be closed to enable the commissioners to prepare the assessment rolls.”
The closing of the books contemplated by this section is not a physical act, but is a simple limitation of the time during which those interested can apply to have mistakes in the assessments of property for taxes corrected. Putting the book away in the safe, at four o’clock on April thirtieth, was not a closing of the book, nor was the opening of the book on the first day of May an opening of the book; and 'when the statute says that on the first day of May the books shall be closed it means that on the first day of May applications for the correction of assessments will not be received. I think, therefore, that this section of the statute was complied with.
The second objection taken is that when the certificate was given, the clerk of arrears exacted a greater sum for interest than was allowed by law; but this did not affect the sale. The property was sold for the lowest term, at which any person would offer to take the same, in consideration of advancing the tax, etc., and interest, together with the charge for advertising. The amount that the purchaser was to pay was fixed. The term of years that the purchaser was to obtain on the payment of that amount was uncertain and the purchaser, having offered to pay the amount required by the statute to be paid for the term of twenty-nine years, he was entitled to the certificate on paying the amount. If a larger sum was demanded, he should have refused to pay it, and insisted upon the certificate being delivered to nim on payment of the correct amount. If he *293 paid too much, it was paid voluntarily and could not avoid the sale.
The same remark applies to the third reason given by the plaintiff, viz., that the charge for advertising was excessive.
As before stated, the fact that the lease given two ?ears subsequent, was void, would not avoid the sale. 'lairitiff would be entitled to a valid lease, and, if refused, might bring an action for damages for the breach of the agreement to give a lease, or for a special performance of the agreement for a lease; but this would not be such a total failure of consideration as would entitle plaintiff to recover back the amount paid on the bid.
The cases cited by the plaintiff are not in conflict with this construction of the statute. In Chapman v. The City of Brooklyn (40 N. Y., 375), the court held that the proceedings of the city in making the asssessment were utterly and entirely void, on account of the omission to institute and carry on the proceedings as against the owner or occupants of the lands intended to be affected by them.
It was not a case of a valid tax or valid sale, but the tax itself was void, and consequently there could be no valid sale to enforce the tax, and there was no consideration for the payment of the money.
The other cases cited by the plaintiff have been examined, but in all of them it appears that the tax itself, or that the sale under the tax, was void.
The judgment should, therefore, be reversed, and a new trial ordered, with costs to abide the event.
Sedgwick, Oh. J., and Fkeedman, J., concur.